SEBRING, HAROLD L., Associate Judge.
Sallie J. Bowen, whose social security account number, as appears from the record, is No. 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, has petitioned this court for a writ of certiorari to review an order of the Florida Unemployment Compensation Board of Review denying unemployment compensation benefits', under the Unemployment Compensation Law of Florida, F.S.A. § 443.01 et seq. It is stipulated by the interested parties that for the purpose of review “the findings of fact as set forth in the decisions of the Appeals Referee are all of the facts necessary as the record to be reviewed in this cause.”" Since the two decisions referred to in the stipulation involve the claims for unemployment benefits of at least forty-eight employees (none of whom are named but who are designated in the decisions of the Appeals Referee by their social security account numbers only) we shall attempt, as best we can in the state of the record, to confine our consideration of the issues to such findings in the “decisions of the Appeals Referee” as deal specifically with the claim asserted by Sallie J. Bowen, the petitioner in this cause.
According to the wording of “Appeals Referee’s Decision No. 18,216” (which seems to us to be the only decision material to the claim of Sallie J. Bowen, since it deals with the claims of eleven claimants, among whom is a claimant whose social *221security account number is 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) the Florida Industrial Commission, on January 21, 1958, “issued a determination holding that a labor dispute began active progress on January 17, 1958, between employer [Florida Citrus Canners, Lake Wales, Florida] and the members of Local No. 173, Teamsters Union. The claimants * * * became unemployed on January 17, 1958, due to this dispute. All of the aforementioned claimants are of a grade or class of workers involved in this dispute. Four of these claimants had secured other employment and worked before they initiated their benefit claims; however, all of these claimants are or were participating in union strike benefits and serving on the picket line either before, during, or after their periods of employment. All of the claimants * * * expect to return to work with employer * * * when and if the dispute is settled. With the exception of claimant (S.S. No. 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), all of the claimants whose social security numbers are listed on the last page of this decision have participated in the dispute to the extent of performing picket duty, and obtaining strike benefits. The excepted claimant is of a grade or class of workers directly in the dispute and he expects to return to work with employer * * * when the dispute is settled. The dispute was still in active progress as of the date of this hearing.
“The Referee finds that all claimants * * * are disqualified for benefits from January 17, 1958, through the date of this hearing [July 17, 1958] because unemployed due to a labor dispute in active progress where they are or were last employed, and that they are active and interested in this dispute * * * ”
As was stated at the outset of this opinion, our knowledge of the facts of the case is confined to what is shown in the decisions of the Appeals Referee, the applicable portions of which have been quoted above. From these decisions, it appears that the underlying facts are similar to those involved in Meyer v. Florida Industrial Commission, Fla.App., 117 So.2d 216, and that the present case should be ruled by the principles therein stated.
Accordingly, it is ordered, on authority of Meyer v. Florida Industrial Commission, supra, that the petition for certiorari should be and the same is hereby denied.
ALLEN, C. J., and SHANNON, J., concur.